UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD SUTTON STEVENS,

        Petitioner,

v.                                    CASE NO. 2:06-CV-12682
                                     HONORABLE AVERN COHN

JAN TROMBLEY,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Bernard Sutton Stevens, a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, claimed that he is being held in violation of his constitutional rights. He specifically claimed that the trial court lacked subject matter jurisdiction. The Court dismissed the petition for failure to state a claim because the state court, not the federal court, is the proper venue determine whether jurisdiction was proper. See Opinion and Order Summarily Dismissing Petition for Writ of Habeas Corpus, filed June 29, 2006. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604.  The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Here, the petition was dismissed because, as explained in the June 29, 2006

2

order, the state courts are the proper venue to consider whether jurisdiction was proper and any perceived violation of state law is not grounds for habeas relief. Reasonable jurists would not debate this conclusion. Accordingly, a COA is DENIED.

    SO ORDERED.

                                         s/Avern Cohn  
                                         AVERN COHN  
                                         UNITED STATES DISTRICT JUDGE

Dated: July 19, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 19, 2006, by electronic and/or ordinary mail.

                                         s/Julie Owens  
                                         Case Manager, (313) 234-5160